IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Earnest E. Vaughn, Sr., ) | |
| ) | Civil Action No. 8:07-1173-TLW-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Deputy Davis, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The plaintiff, proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendant's motion for summary judgment (Docket Entry # 24).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on April 30, 2007, seeking damages for alleged civil rights violations. On August 29, 2007, the defendant filed a motion for summary judgment. On August 30, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible

consequences if he failed to adequately respond to the motion. The plaintiff filed an affidavit in opposition to the defendant's summary judgment motion on September 6, 2007.[1]

## FACTS PRESENTED

The plaintiff is a pre-trial detainee currently being housed at the Greenwood County Detention Center ("GCDC"). He is being held on charges unrelated to this case. In this action, the petitioner alleges that he was falsely arrested on May 9, 2006, for public disorderly conduct and possession of methamphetamine. The charges were later dismissed. He is seeking $300,000 in actual damages and $300,000 in punitive damages for mental and emotional stress.

## APPLICABLE LAW

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the

---

[1] Subsequently, the plaintiff supplemented his response on September 12 and September 20, 2007. (Docket Entries # 31 and 33.)

2

case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**

As stated above, the plaintiff alleges that his Fourth Amendment rights were violated when he was arrested on May 9, 2006. (Pl.'s Mem. Opp. Def.'s Summ. J. Mot. at 2.) The defendant contends that he should be granted summary judgment in this action for several

reasons, including that the plaintiff has failed to state a claim and qualified immunity. The undersigned agrees.

The Fourth Circuit Court of Appeals has held that there is no independent cause of action for a § 1983 malicious prosecution claim, separate and distinct from a plaintiff's constitutional claims. *Brooks v. City of Winston-Salem*, 85 F.3d 178 (4th Cir. 1996)(holding allegations that an arrest made pursuant to a warrant not supported by probable cause states Fourth Amendment claim analogous to malicious prosecution). Rather, such a claim must be founded on a Fourth Amendment seizure. *Lambert v. Williams*, 223 F.3d 257, 262 (4th Cir. 2000).

"The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir.1996). Allegations that law enforcement officers seized a plaintiff "pursuant to legal process that was not supported by probable cause and that the criminal proceedings terminated in his favor are sufficient to state a . . . claim alleging a seizure that was violative of the Fourth Amendment." *Id*. at 183-84.  Accordingly, the plaintiff must show that his arrest was without probable cause and the state criminal proceedings terminated in his favor. Here, there is no dispute that the state criminal proceedings ended in the plaintiff's favor. Therefore, the issue is whether the defendant Officer Davis had probable cause to arrest the plaintiff.

Probable cause requires facts and circumstances sufficient to warrant a prudent person to believe that the suspect has committed or is committing a crime. *Porterfield v.*

*Lott*, 156 F.3d 563, 569 (4th Cir. 1998). To determine whether or not probable cause existed, a court must examine the "totality of the circumstances" known to the officers at the time of arrest. *United States v. Al-Talib*, 55 F.3d 923,931 (4th Cir. 1995). Allegations that an arrest violates state law does not state a claim unless there was no probable cause for the arrest. *Fisher v. Washington Metro. Area Transit Auth.*, 690 F.2d 1133, 1139 (4th Cir. 1982). Probable cause for a warrantless arrest is defined as "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979). Further, "[p]robable cause requires more than mere suspicion of wrongdoing, but requires much less evidence than needed to convict." *Walker v. Scott*, 2006 WL 1288315, at *6 (W.D.Va. 2006). Thus, "[t]he proper inquiry in a section 1983 claim based on false arrest . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988).

First, the undersigned notes that the fact that the plaintiff was not convicted does not mean that the defendant Officer Davis did not have probable cause to arrest him. Not everyone who is arrested but not convicted has a cause of action for violation of § 1983. The Constitution does not guarantee that only the guilty will be arrested. *Baker v. McCollan*, 443 U.S. 137, 145 (1979).

The question is not whether there was actually probable cause for the arrest, but whether an objective officer could reasonably have believed probable cause existed. *Gomez v. Atkins*, 296 F.3d 253, 261-262 (4th Cir. 2002). An officer is not liable where, as in this case, he could have reasonably believed there was probable cause for the arrest. Claims for false arrest focus on the validity of the arrest, not on the validity of each individual charge made during the course of the arrest. *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir.1995). If probable cause existed for any of the charges made, or if a reasonable police officer could believe probable cause existed, the false arrest claim fails. *Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002).

On May 9, 2006, Officers Davis and Sherry Mauldin were dispatched to 41 Griffin Road to investigate a report that there was a car on the side of the road with an individual's leg hanging out it. (Def.'s Mem. Supp. Summ. J. Mot. Ex. 3 - Davis' Aff. ¶ 3 and Ex. 4 - Mauldin Aff. at ¶ 4.) Arriving at the scene, the officers saw a black Ford Probe and with the driver's side door open and an individual's legs hanging out of the car. (*Id.* at ¶¶9 -10; Mauldin Aff. at ¶¶ 7-8.) Officer Davis stated he relayed the license plate number to the dispatcher. (*Id.* at 11; Mauldin Aff. at ¶ 9.) Both officer stated they could not recall if he received the results of the license plate check prior to approaching the car. (*Id.* at ¶ 12; Mauldin Aff. at ¶ 10.) Officer Davis saw the plaintiff laying face down with his head in the passenger's seat and his legs sticking out of the driver's door. (*Id*. at ¶ 13; Mauldin Aff. at ¶ 11.) Officer Davis states he was initially concerned that the plaintiff may have been shot or injured in some way, but they determined the plaintiff had not been shot or injured.

6

(Def.'s Mem. Supp. Summ. J. Mot. Ex. 3 - Davis' Aff. at ¶ 14; Mauldin Aff. at ¶ 12.) Officer Davis looked into the car checking for weapons before attempting to wake the plaintiff. (*Id.* at ¶ 16.) Officer Davis then shook the plaintiff's leg and the plaintiff woke up. (*Id.* at ¶ 17; Mauldin Aff. at ¶ 14.)

When the plaintiff woke and saw Officer Davis, he exited the car. (*Id.* at ¶¶ 19-20; Mauldin Aff. at ¶¶ 15-16.) Officer Davis stated he jumped back from the plaintiff because he stated he did not know if the plaintiff was going to assault him. (*Id.* at ¶ 20.) As the plaintiff exited the car, he was unsteady on his feet and he smelled of alcohol. (Def.'s Mem. Supp. Summ. J. Mot. Ex. 3 - Davis' Aff. ¶ 23; Mauldin Aff. at ¶ 18.) Officer Davis patted the plaintiff down and did not find any weapons during the pat down. (*Id.* at ¶¶ 24-26; Mauldin Aff. at ¶¶ 20; 22.) Officer Davis states he asked the plaintiff what he was doing in the car. (*Id.* at ¶ 28; Mauldin Aff. at ¶ 23.) The plaintiff stated that he was there to tow the car to another location. (*Id.* at ¶ 29; Mauldin Aff. at ¶ 25.) The officers states the plaintiff's speech was loud and slurred and it was obvious the plaintiff was severely impaired. (*Id.* at ¶¶ 35, 36; Mauldin Aff. ¶¶ at 30, 31.) The plaintiff was then arrested for public disorderly conduct. (*Id.* at ¶ 37; Mauldin Aff. at ¶ 32.) Officer Davis then performed a custodial search incident to arrest. (Def.'s Mem. Supp. Summ. J. Mot. Ex. 3 - Davis' Aff. ¶ 42; Mauldin Aff. at ¶ 37.) While removing all items from the plaintiff's pockets, Officer Davis found a small packet containing what later tested as positive for methamphetamine. (*Id.* at ¶ 43; Mauldin Aff. at ¶ 38.) The plaintiff then was also charged with possession of methamphetamine. *(Id.)*

The plaintiff contends he should not have been arrested for public disorderly conduct because he was not intoxicated and he was in a private drive and not in a public place. Section-16-17-5 of South Carolina Code states:

> Any person who shall (a) be found on any highway or at any public place or public gathering in a grossly intoxicated condition or otherwise conducting himself in a disorderly or boisterous manner, (b) use obscene or profane language on any highway or at any public place or gathering or in hearing distance of any schoolhouse or church or (c) while under the influence or feigning to be under the influence of intoxicating liquor, without just cause or excuse, discharge any gun, pistol or other firearm while upon or within fifty yards of any public road or highway, except upon his own premises, shall be deemed guilty of a misdemeanor and upon conviction shall be fined not more than one hundred dollars or be imprisoned for not more than thirty (30) days.

Interpreting this statute, the South Carolina Supreme Court held in *State v. McGowan*, 557 S.E. 2d 657 (S.C. 2001), that an individual in his own driveway is in a "public place" under this statute. Thus, the plaintiff's location in a private driveway would not preclude a charge of public disorderly conduct.

The plaintiff also contends he does not drink and was not intoxicated. The plaintiff argues that there are discrepancies between the incident report and the officers' affidavits regarding his alcohol use and other facts. (Pl.'s Supp. to Mem. Opp. Summ. J. - Docket Entry # 33.) Although there are many additional details in the affidavits, most of the additional information does not conflict with the incident report - except one.[2] The court is

---

[2] For example, in her incident report, Officer Mauldin stated that Officer Davis woke up the plaintiff, and in her affidavit, Officer Mauldin states that Davis had to shake the plaintiff to get a response. There is no inconsistency. The affidavit is merely more detailed as to how Officer Davis woke up the plaintiff - by shaking him.

8

troubled with the extensive references to the plaintiff's usage of alcohol in the affidavits when in the incident report, there is no mention of alcohol[3] in the narrative section of the report and, more importantly, the fact that the boxes following the question as to whether the subject is using alcohol or drugs are checked no. (Docket Entry #33 - Ex. 3 - Incident report.) Viewing the facts in a light most favorable to the plaintiff, the undersigned is constrained to conclude for purposes of this summary judgment that there may be a factual dispute over whether the plaintiff was using alcohol or drugs which would necessarily impact on whether the officers had probable cause to arrest him for disorderly conduct.

However, even if the defendant lacked probable cause to arrest the plaintiff for public disorderly conduct, he certainly had probable cause to arrest the plaintiff for possession of methamphetamine upon the discovery of the drugs. "The lack of probable cause to stop and search does not vitiate the probable cause to arrest, because (among other reasons) the fruit of the poisonous tree doctrine is not available to assist a § 1983 claimant." *Townes v. City of New York*, 176 F.3d 138, 149 (2nd Cir. 1999). *See also Hector v. Watt*, 235 F.3d 154 (3rd Cir. 2000). There was clearly probable cause for the arrest of the plaintiff on the drug charge. Because of this, the plaintiff may not recover for injuries flowing "from the discovery of incriminating evidence and [the] consequent criminal prosecution," but only those "directly related to the invasion of their privacy," including "where appropriate"

---

[3]To be clear, the incident report does state the plaintiff was unsteady on his feet and his speech was slow and slurred. However, there is no mention of the plaintiff smelling of alcohol.

9

damages for physical injury, property damage, or injury to his reputation.  *Townes,* 176 F3d at 148.  Having reviewed the pleadings and the entire record, no such injuries have been claimed by the plaintiff.  Further, such injuries are actionable only "where appropriate," and it would not be appropriate here. There is no evidence, nor can it be reasonably inferred, that any damages resulted from the search incident to arrest.  To the contrary, any damage to the plaintiff's reputation must have related to what was found, namely drugs.  *Id.* Accordingly, the plaintiff has not pled or proven any actionable injury based on an alleged unlawful search.

### Qualified Immunity

Having found that the plaintiff has not raised a viable § 1983 claim, the court need not determine whether any rights the plaintiff has asserted were "clearly established" for purposes of qualified immunity. *See DiMeglio v. Haines*, 45 F.3d 790, 799 (4th Cir.1995) ("In many cases where a defendant has asserted qualified immunity, dismissal or even an award of summary judgment may be obviously warranted, based upon existing law, without the court ever ruling on the qualified immunity question."); *Gordon v. Kidd*, 971 F.2d 1087, 1093 (4th Cir. 1992) ("In analyzing the appeal of a denial of summary judgment on qualified immunity grounds, it is necessary first to identify the specific constitutional right allegedly violated, then to inquire whether at the time of the alleged violation it was clearly established.").

**State Law Claims**

To the extent that the plaintiff states additional claims under state law, the court should decline to exercise supplemental jurisdiction over the claims as it is recommended that summary judgment be granted on the plaintiff's federal claims as set for above. *See* 28 U.S.C. § 1367(c).

## **CONCLUSION**

Wherefore, based on the foregoing, it is RECOMMENDED that the Defendants' Motion for Summary Judgment (# 24) be GRANTED and the Plaintiff's complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

January 31, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).