IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Earnest E. Vaughn, Sr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.:4:07-01173-TLW-BHH |
| | ) | |
| Deputy Davis, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER

Plaintiff, Earnest E. Vaughn, Sr., ("plaintiff") brought this civil action, *pro se*, under 42 U.S.C. § 1983, on April 30, 2007. (Doc. #1). On August 29, 2007, the defendant filed a motion for summary judgment. (Doc. #24). On August 30, 2007, plaintiff was provided copies of the motion and was given an explanation of summary judgment procedure as well as pertinent extracts from rule 56 of the Federal Rules of Civil Procedure as required by Rosoboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). (Doc. #26). The plaintiff responded to the motion for summary judgment. (Doc. #28).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bruce Howe Hendricks, to whom this case had previously been assigned. (Doc. #42). In the Report, Magistrate Judge Hendricks recommends that the District Court grant the defendant's motion for summary judgment and dismiss the plaintiff's complaint with prejudice. (Doc. #42). The plaintiff filed objections to the report. (Doc. #44). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or

specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report with the following additional discussion. (Doc. #42). The Report sets forth the correct legal standard in considering whether the officer is entitled to qualified immunity in relation to the arrest of the plaintiff. As the Report states, the question is whether an objective officer could reasonably have believed probable cause existed. Gomez v. Atkins, 296 F.3d 253, 261-262 (4th Cir. 2002). The District Court has considered the defendant's contention that the plaintiff was asleep in his vehicle, that he was difficult to wake, that the officers had to hold the defendant up, that he was uneasy on his feet, and that his speech was very slow and slurred. (Doc. #24). In analyzing the facts in a light most favorable to the plaintiff, the Court has considered the plaintiff's admission that he was asleep in his car and "unsteady" upon exiting the vehicle. (Doc. #44).[1] In construing the facts in light of the objectively reasonable standard, the Court finds that an objective officer could reasonably have believed probable cause existed to arrest the plaintiff for violation of Section 16-17-5 of the South Carolina Code (public disorderly conduct). Therefore, for these reasons discussed herein, and for the reasons articulated by the Magistrate Judge, the defendant's motion for summary judgment is

---

[1]The Court notes that there are additional factual allegations from both parties.

**GRANTED.**  (Doc. #24).

       **IT IS SO ORDERED**.

                                      s/Terry L. Wooten

                                    Terry L. Wooten
                                    United States District Judge

March 27, 2008

Florence, South Carolina